IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MONICA KAMAL,

          Plaintiff,

  v.

KOHL'S CORPORATION and KOHL'S
DEPARTMENT STORES, INC.,

          Defendants.

OPINION & ORDER

18-cv-25-jdp

---

Plaintiff Monica Kamal is suing defendants Kohl's Corporation and Kohl's Department Stores, Inc. under Title III of the Americans with Disabilities Act for allegedly failing to accommodate her use of a wheelchair at their department stores. (For simplicity, the court will refer to defendants as "Kohl's.") Kohl's has filed a motion for judgment on the pleadings, Dkt. 20, which is ready for review. Kohl's says that Kamal's lawsuit is barred under the doctrine of claim preclusion in light of the decision by the parties in a related case to stipulate to a dismissal with prejudice. Because the court agrees with Kamal that Kohl's consented to splitting the claims in this case, the court will deny the motion.

BACKGROUND

This case started as part of a broader lawsuit filed in the Northern District of Illinois, with District Judge Ronald A. Guzman presiding. *Fisher v. Kohl's Corporation*, No. 14-cv-8259.[1]

---

[1] The court may take judicial notice of the filings in previous lawsuits. *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1172–73 (7th Cir. 2010). Both sides cite various documents from *Fisher* and related cases and neither side objects to this court's consideration of those documents.

1

Among the named plaintiffs was the Equal Rights Center, or ERC, which is a nonprofit organization that engages in "research, outreach and education, counseling, advocacy, and enforcement" to obtain "equal rights, equal access, and equal opportunity for persons with disabilities." *Id.,* Dkt. 1, ¶ 24. The other plaintiffs were individual members of the organization, including Kamal. As in this case, the plaintiffs in *Fisher* sought injunctive relief against Kohl's for allegedly failing to accommodate individuals with disabilities at its stores. The plaintiffs also sought class certification under Rule 23 of the Federal Rules of Civil Procedure.

Judge Guzman denied the plaintiffs' motion for class certification, in part on the ground that the plaintiffs were not challenging "a company-wide policy but daily individual decisions by relevant Kohl's employees in each particular store as to how wide aisles would be and where merchandise racks would be placed." *Id.,* Dkt. 173, at 3. The plaintiffs admitted "that the obstructions they encountered could differ depending on the store they visited as well as on which day." *Id.*

After denying the motion for class certification, Judge Guzman directed the parties "to file a position statement on whether the six named plaintiffs should be severed." *Id.,* Dkt. 178. In its position statement, Kohl's said that the court should "sever Plaintiffs' respective claims from each other and have them proceed before this Court on separate tracks" because of "the highly individualized, fact-intensive, and divergent nature of Plaintiffs' claims." *Id.,* Dkt. 179, at 2. Specifically, Kohl's said that "Plaintiffs' claims arise out of different alleged occurrences, i.e. alleged encounters with different alleged barriers at different stores during different times," so it was appropriate to sever the claims under Rule 21. *Id.* at 5.

In their statement, the plaintiffs wrote that "the issue of the aisle width and whether Kohl's 'Shopability Standards' are readily achievable under the Americans with Disabilities Act can be determined at one hearing" *if* "the parties reach agreement" on a "framework to resolve the non-aisle width claims." *Id.*, Dkt. 180, at 2. If the parties failed to reach an agreement, the plaintiffs asked "that the individual Plaintiffs' actions be severed and transferred to the venue of the Plaintiffs' residence" for the convenience of the parties and witnesses. *Id.*

Judge Guzman concluded that severance was appropriate because "each of the individual plaintiffs complains of different barriers (such as limited parking spots, difficulty accessing merchandise or restrooms due to items blocking the aisles or entries, and counters that are too high, among other things) at different stores at different times." *Id.*, Dkt. 182, at 3. The court declined to stay a decision while the parties attempted to narrow the issues and, without explanation, directed the clerk of court to randomly assign each of the new cases to a judge in the Northern District. *Id.* at 4. The court deferred any ruling on a request to transfer pending reassignment. Neither the parties nor the court discussed how ERC's claims related to the claims of the individual plaintiffs.

After ERC's case was assigned to a new judge, Kohl's moved to dismiss that case for lack of standing. No. 17-cv-5852, Dkt. 9. Kohl's argued that ERC lacked standing because it failed to show that its members visited Kohl's stores or were harmed by any failure to accommodate; ERC had a conflict of interest with its members because it was seeking damages but they were not; and litigation of ERC's claims required participation of the members because of the "highly individualized nature of their ADA claims and correspondingly individualized nature of any injunctive relief." *Id.*, Dkt. 10, at 25. The court held a hearing on the motion,

but before the court issued a decision, ERC and Kohl's filed a stipulation of dismissal with prejudice. *Id.*, Dkt. 23.

In the meantime, Kamal's case was reassigned to a different judge in the Northern District. *Kamal v. Kohl's Corp.*, No. 17-cv-5853. Kamal filed a motion to transfer the case to the Western District of Wisconsin on the ground that she lives here and the Kohl's store she visits are here. *Id.*, Dkt. 11. When Kohl's did not object to the transfer, the court granted the motion. *Id.*, Dkt. 14.

ANALYSIS

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (internal quotations omitted). Under federal law, claim preclusion has three requirements: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. Kohl's says that the dismissal of the ERC action satisfies all three requirements because: (1) Kamal and ERC are in privity; (2) Kamal's complaint in this case is identical to the complaint filed in the ERC action; and (3) a voluntary dismissal with prejudice qualifies as a judgment on the merits.

Kamal does not directly challenge Kohl's ability to satisfy the elements of claim preclusion, but she says that the court should decline to apply it for three related reasons: (1) Kohl's forfeited its right to raise a claim preclusion defense when it sought to sever the original action filed in the Northern District ; (2) Kohl's is judicially estopped from raising the defense

4

because it previously contended that Kamal's claim was not the same as any of the other original plaintiffs; and (3) it would be fundamentally unfair to apply claim preclusion under the circumstances of this case. Because the court agrees with Kamal's first contention, it is not necessary to consider the other two.

Kamal's first contention is consistent with the view recognized by the court of appeals that "[l]itigants who want to [allow the plaintiff] split a claim among different suits can do so." *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 638 (7th Cir. 2010). *See also Restatement (Second) of Judgments* § 26(1)(a) and comment a (1982) (claim preclusion is "not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim"); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 18 *Federal Practice and Procedure* § 4415 (3d ed. 2018) ("Consent may establish a . . . clear justification for splitting a single claim."). Since the original action was filed, Kohl's has taken the position that Kamal's claim should proceed separately from the other plaintiffs. When Judge Guzman asked the parties their positions on the question whether the plaintiffs' claims should be severed, Kohl's stated unequivocally that they should be.

Kohl's says that its support for severance is irrelevant because it asked Judge Guzman to keep all of the cases before the same judge after severance and he denied that request. But Kohl doesn't explain why that would make any difference. When separate cases are proceeding before the same judge, they are still treated as separate cases for the purpose of claim preclusion. *Window World of Chicagoland, LLC v. Window World, Inc.*, 811 F.3d 900, 903 (7th Cir. 2016). Thus, Kohl's agreed to split Kamal's claim and it forfeited its right to assert a claim preclusion defense later. Kohl's cites no authority for the view that it can withdraw its consent after the

fact if a court declines to adopt a particular condition that Kohl's proposed as part of the decision to split the claim. If Kohl's believed that the claims were so related that deciding one of them would have preclusive effect on the others, it should not have sought severance of the claims.

Kohl's also says that it "actively pursued a dismissal with prejudice [of the ERC action] based, in part, on the fact that Plaintiff was attempting to pursue her claims before two different courts." Dkt. 40, at 5. Kohl's relies on this as a reason for applying claim preclusion in this case, but the court believes that it supports the opposite view. In the ERC action, Kohl's said that the action should be dismissed *because* Kamal and the other individual plaintiffs were already proceeding in separate actions. *E.g.*, Dkt. 33-8, at 31 (ERC action should be dismissed because "ERC's members do not need ERC to prosecute their prospective claims on their behalf" in light of the members' separate lawsuits). Now that ERC has done exactly what Kohl's wanted and voluntarily dismissed its own action, it would be unfair to allow Kohl's to pull a bait and switch to use that dismissal as a way to avoid litigating the merits of *any* of the plaintiffs' claims.[2] It seems obvious that ERC would never have agreed to dismiss its case if it knew that doing so would trigger Kohl's to seek dismissal of the other cases as well.

*Arrow Gear* suggests that it may be appropriate to apply claim preclusion—even when the parties consent to split a claim—when doing so is necessary "to economize on the expenditure of judicial resources for which litigants don't pay." 629 F.3d at 638. In this case, there is a strong argument for the view that resources could have been expended more wisely

---

[2] Kohl's has filed motions for judgment on the pleadings on the same grounds in all of the individual plaintiffs' lawsuits.

and efficiently. This is apparent simply from the fact that the original case was filed four years ago and there still has been no consideration of the merits of Kamal's claims.

But it would not be fair to lay the blame on Kamal for the delay, at least not most of it. Kamal wanted to bring her case with the other plaintiffs and even sought to certify a class. It was Kohl's that resisted the plaintiffs' efforts and persuaded Judge Guzman to deny the motion for class certification. And when Judge Guzman asked the parties for input on the question of severance, Kamal and the other plaintiffs asked the court to refrain from severing the case while the parties attempted to resolve some issues uniformly.

Perhaps ERC should have dismissed its case sooner, but it is not clear why *Kamal* should be required to pay the price for any delay by ERC. Although Kamal and ERC are represented by the same counsel, Kohl's cites no authority for the view that it is appropriate for a court to sanction a party in one case for the conduct of another party in a different case, simply because they have the same lawyers.

In any event, the reason Kohl's was seeking dismissal of the ERC action was that ERC lacked standing, which is not a basis for applying claim preclusion. *Bernstein v. Bankert*, 702 F.3d 964, 995 (7th Cir. 2012) ("[A] judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form.") (internal quotations omitted). Although a stipulated dismissal with prejudice *is* a judgment on the merits, *Boehm v. Svehla*, No. 15-cv-379, 2017 WL 4326308, at *5 (W.D. Wis. Sept. 27, 2017), the important point for the purpose of this discussion is that ERC would not have preserved judicial resources by continuing to litigate its case. It would be ironic to say the least if Kamal were punished by ERC's attempt to eliminate a duplicative case. If the court were to

adopt the position that Kohl's advances, it would encourage parties to continue litigating duplicative cases out of fear that dismissing one of them will require dismissal of *all* of them.

The bottom line is that Kamal should have one full and fair opportunity to present her claim against Kohl's. *Cf. Reed v. Illinois*, 808 F.3d 1103, 1108 (7th Cir. 2015) ("[It] is unfair . . . to deny, without a good reason, a party's right to press a potentially winning argument. A desire not to deprive a litigant of an adequate day in court is a proper consideration in deciding whether to invoke collateral estoppel."). Kohl's says that dismissing this case will not deprive Kamal of her day in court because she is seeking injunctive relief only, so she can file a new lawsuit after this one is dismissed if she believes that Kohl's is still violating her rights. Again, this counsels *against* applying claim preclusion in this case. It would be a supreme waste of judicial resources to dismiss a case just so that it can be immediately refiled. The court will deny Kohl's motion for judgment on the pleadings.

ORDER

IT IS ORDERED that the motion for judgment on the pleadings filed by defendants Kohl's Corporation and Kohl's Department Stores, Inc., Dkt. 20, is DENIED.

Entered June 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge