IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MONICA KAMAL,

                    Plaintiff,

   v.                                                   OPINION and ORDER

KOHL'S CORPORATION and KOHL'S                       18-cv-25-jdp
DEPARTMENT STORES, INC.,

                    Defendants.

---

Plaintiff Monica Kamal suffers from a spinal cord injury that requires her to use a wheelchair. She shops at two Kohl's Department Stores, one on the west side of Madison, Wisconsin, and one in Monona, Wisconsin, but she says that both stores are laid out in a way that fails to accommodate her disability, in violation of the Americans with Disabilities Act. Specifically, she alleges in her second amended complaint that the spaces between merchandise displays are too narrow, the changing room entrances are inaccessible, the customer service counters are too high, the doors to the restrooms are too heavy, and the parking is inadequate. She also alleges that defendants have failed to implement and enforce their own accessibility policies related to spacing display racks.

Both sides have moved for summary judgment. Dkt. 47 and Dkt. 61. Also before the court are two evidentiary motions: (1) defendants' motion to exclude the report and testimony of Kamal's architectural and design expert, Dkt. 62; and (2) a motion to exclude the testimony of two of defendants' witnesses because defendants failed to provide notice of that testimony, Dkt. 78.

Kamal concedes that Kohl's Corporation is entitled to summary judgment because it is not involved in the operation of the two stores at issue in this case. Dkt. 79, at 2. (For the rest

of the opinion, the court will refer to Kohl's Department Stores, Inc. as simply "Kohl's.") Kamal also concedes that Kohl's is entitled to summary judgment on her claim that the Madison store does not have an accessible customer service desk and her claim that both stores do not have adequate parking. So the court will grant summary judgment to defendants on those claims. As for Kamal's remaining claims, genuine issues of material fact preclude granting summary judgment to either side. The court will also deny the parties' motions to exclude evidence, for the reasons explained below.

BACKGROUND

Kamal's claims were originally part of a larger lawsuit filed in 2014 in the Northern District of Illinois, with District Judge Ronald A. Guzman presiding. *Fisher v. Kohl's Corporation*, No. 14-cv-8259. *Fisher* included several plaintiffs, including the Equal Rights Center, a nonprofit organization that advocates for disabled persons. The *Fisher* plaintiffs alleged that Kohl's stores around the country failed to adequately accommodate the use of a wheelchair. In May 2017, Judge Guzman denied the plaintiffs' motion for class certification, in part because the plaintiffs were not challenging "a company-wide policy but daily individual decisions by relevant Kohl's employees in each particular store." *Id.*, Dkt. 173, at 3. In a separate order, Judge Guzman concluded that each plaintiff's claims should be severed. *Id.*, Dkt. 182, at 3. In January 2018, after Kamal's case was reassigned to a different judge in the Northern District of Illinois, that judge granted Kamal's motion to transfer the case to the Western District of Wisconsin. *Kamal v. Kohl's Corp.*, No. 17-cv-5853, Dkt. 14.

Since then, none of the severed cases have proceeded to final judgment or trial, but two courts have issued summary judgment decisions. *See Thomas v. Kohl's Corp.*, No. 17 C 5857,

2018 WL 704691 (N.D. Ill. Feb. 5, 2018); *Ryan v. Kohl's Corp.*, No. 17 CV 5854, 2018 WL 4616355 (N.D. Ill. Sept. 26, 2018). The *Thomas* court denied summary judgment on the plaintiff's claim that Kohl's violated the ADA by failing to maintain adequate spacing between its display racks. 2018 WL 704691, at *5. The *Ryan* court concluded that the plaintiff had established as a matter of law that Kohl's violated the ADA by failing to provide enough space between its display racks, but the court deferred a ruling on the appropriate remedy. 2018 WL 4616355, at *5.[1]

ANALYSIS

Kamal brings her claims under Title III of the ADA, which applies to places of public accommodation. Under Title III's "general rule," "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The parties agree that Kamal has a disability and that Kohl's is a place of public accommodation. The question is whether Kohl's has "discriminated" against Kamal. Title III defines "discrimination" in various ways, but the parties in this case focus on the definition in 42 U.S.C. § 12182(b)(2)(A)(iv), which prohibits "a failure to remove architectural barriers . . . that are structural in nature . . . where such removal is readily achievable." Kamal also relies on § 12182(b)(2)(A)(ii), which requires places of public accommodation to make "reasonable modifications" to their "policies, practices, and procedures."

---

[1] Neither side contends that any of the rulings in *Thomas* or *Ryan* have preclusive effect in this case, so the court does not consider that issue.

The parties devote the bulk of their briefs to Kamal's claim that Kohl's has violated § 12182(b)(2)(A)(iv) by failing to provide enough space for wheelchairs to fit between its movable display racks. Kohl's questions whether movable racks can qualify as "architectural barriers," but the court agrees with *Ryan* and *Thomas* (as well as several other courts[2]) that they can. This conclusion is consistent with both the ADA's regulations, *see* 28 C.F.R. § 36.304(b)(4) (including "display racks," along with "tables" and "chairs," in a list of possible architectural barriers), and the purpose of the ADA. The central question under Title III is whether the defendant is denying a disabled person equal access to a public accommodation, *see* 42 U.S.C. § 12182(a), so it would make little sense to permit a barrier to remain in place simply because it was movable. If anything, places of public accommodation have more of a duty to eliminate movable barriers because they are generally easier and less costly to remove. *See* 42 U.S.C. § 12182(b)(2)(A)(iv) (removal of barrier required when doing so is "readily achievable").

Kohl's also says that neither the ADA nor the regulations impose specific requirements on spacing between movable racks. This is true, but beside the point. Again, the question is whether Kohl's failed to remove a barrier to Kamal's equal access. Regardless whether the statute or regulations include precise measurements, Kohl's must still comply with that more general requirement.

A review of the evidence submitted by the parties shows that the parties genuinely dispute whether the movable display racks in the two stores at issue in this case are barriers for Kamal. She testified in her deposition that she visited both stores multiple times and that there

---

[2] *E.g.*, *Lieber v. Macy's W., Inc.*, 80 F. Supp. 2d 1065, 1077 (N.D. Cal. 1999); *Colorado Cross–Disability Coalition v. Too, Inc.*, 344 F. Supp. 2d 707, 710–712 (D. Colo. 2004); *Shimozono v. The May Dept. Stores Co.*, 2002 WL 34373490, *2, 6 (C.D. Cal. 2002); *Californians for Disability Rights v. Mervyn's LLC*, 81 Cal. Rptr. 3d 144, 156–57 (2008).

were many places in the stores where the spacing between the display racks was too narrow for her wheelchair to fit through. Dkt. 70, ¶ 36.[3] But the two stores' managers (Todd Pralle and Staci Ellen Koller) testified that they follow the Kohl's "Shopability" standards, Dkt. 68 and Dkt. 69, which require at least 30 inches between display racks. Dkt. 49-5. Kamal has acknowledged that, if Kohl's followed those standards, "the aisles would be sufficiently accessible to avoid the need for this litigation." Dkt. 79, at 21.

Both sides challenge the admissibility of the other's evidence. Kohl's says that Kamal didn't measure any of the spaces, but, again, this misses the point. The question is not simply whether the spaces between racks were a particular width; the question is whether Kamal was denied equal access. Kamal's own experiences and observations are admissible for that purpose. *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("Even without precise measurements, [the plaintiff] could support his case based on his own personal experience with the barriers.").

Kamal challenges the testimony of the store managers on the ground that Kohl's did not adequately disclose that testimony as required by Federal Rule of Civil Procedure 26. She has filed a separate motion to exclude the testimony on that ground. Dkt. 78. But the initial disclosures filed by Kohl's identify Pralle (the Madison store manager) as someone who may testify about "the design, layout, conditions, merchandising, and accommodations" at the

---

[3] Kamal's testimony is from 2015. To obtain injunctive relief under Title III (damages are not available), Kamal will have to show that she "is being subjected to discrimination on the basis of disability . . . or . . . has reasonable grounds for believing that [she] is about to be subjected to discrimination." 42 U.S.C. § 12188(a)(1). Kamal does not say in her summary judgment submissions whether she continues to shop at Kohl's. And it is not clear whether Kamal's experiences from several years ago can satisfy § 12188(a)(1). But Kohl's doesn't raise that issue, so the court will not consider it.

Madison store. Dkt. 78-1, at 4. That disclosure is sufficient to give notice of the testimony that Pralle is providing now. And though the disclosures did not identify Staci Ellen Koller (the Monona store manager), they did identify Koller's predecessor, who was the Monona store manager at the time. Dkt. 78-2, at 4. The disclosures also more generally identify as potential witnesses "[a]ny other store managers . . . to the extent that there are additional changes in personnel in these positions." *Id.* at 14. Kamal cannot plausibly contend that she could not have anticipated that store managers would testify about the conditions of their own stores on issues that are at the heart of this case. So the court will deny Kamal's motion to exclude that testimony and deny both sides' motions for summary judgment on this claim.

The facts are also genuinely disputed as to Kamal's claims under § 12182(b)(2)(A)(iv) that Kohl's has failed to remove the following alleged architectural barriers: blocked entrances to fitting rooms, restroom doors that are are too heavy, and a customer service counter at the Monona store that is too high. As for the fitting rooms, Kamal testified that the aisles leading to fitting rooms are blocked by display racks, Dkt. 70, ¶ 39, but the store managers testified that aisles leading to fitting rooms are at least 36 inches wide and employees are directed to keep aisles free of obstructions. Dkt. 75, ¶¶ 12, 57. Because Kamal alleges that her wheelchair is 29.5 inches wide, the managers' testimony is sufficient to raise a genuine issue of material fact as to this claim.

As for the restroom doors and the customer service counter, Kohl's cites testimony that the weight of restroom doors is five pounds or less, *id.*, ¶¶ 29, 49, and that the customer service counter at Monona store has a portion that is no higher than 36 inches, *id.*, ¶ 45. And Kohl's contends that both the doors and the counter are within the parameters allowed by the ADA, citing provisions in the ADA Accessibility Guidelines, which are published by the Department

6

of Justice. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (discussing guidelines). Neither side discusses whether those guidelines are binding, but Kamal doesn't deny that compliance with the guidelines absolves Kohl's of liability, so the court will assume that they are.

But Kamal has cited contrary evidence. As for the restroom doors, she cites her own testimony that the doors were too heavy, Dkt. 70, ¶ 37, and the report of her architecture and design expert, Wlodek Pieczonka, who stated that he tested all the restroom doors and that all of them weighed more than five pounds. Dkt. 81-1.

Kohl's challenges the admissibility of Pieczonka's report on multiple grounds: (1) Pieczonka's factual representations are not sworn; (2) his opinions are irrelevant because his observations are not "link[ed] . . . to Plaintiff's personal experiences"; and (3) his report violates Federal Rule of Civil Procedure 34, which allows a party to ask for permission to inspect another party's property, among other things. Dkt. 62.[4] The court overrules all of these objections.

As for the first objection, Kamal cured it by submitting a sworn declaration from Pieczonka. Dkt. 81. Although the declaration was untimely, Kohl's has not pointed to any unfair prejudice, so the court will not exclude the report on that ground. As for the second objection, Pieczonka's report is obviously relevant because it relates directly to Kamal's claim that the restroom doors were too heavy. As for the third objection, Kohl's says that Kamal

---

[4] Kohl's also objects to Pieczonka's report on the ground that it does not satisfy Federal Rule of Evidence 702. But the only opinion that Kohl's challenges under Rule 702 relates to the widths of the store aisles. Because it was unnecessary to consider that opinion to resolve the parties' summary judgment motions, the court need not rule on this objection now. If Kamal relies on that opinion on trial, Kohl's is free to renew its objection then.

should have sought permission before Pieczonka entered the stores to take measurements. But Kohl's cites no authority for the proposition that a party needs permission to inspect property that is open to the public. *See Rodriguez v. Cty. of Stanislaus,* No. 1:08-CV-00856 OWW GS, 2010 WL 3733843, at *2 (E.D. Cal. Sept. 16, 2010) ("[I]nspection requests are required on private property or property not open to the public."); *Mony Life Ins. Co. v. Hinsdale Mgmt. Corp.*, No. 00 C 1563, 2002 WL 1285076, at *3 (N.D. Ill. June 6, 2002) (Rule 34 applies "where, absent the lawsuit, the requesting party would have no right to enter that premises"). So the court will deny Kohl's motion to exclude Pieczonka's report and deny the parties' summary judgment motions on Kamal's claim about the restroom doors.

As for Kamal's claim that the customer service counter at the Monona store was too high, Kamal relies on her own testimony that she visited the counter several times, had difficulty reaching over the counter, and needed to rely on the assistance of her sister to hand things to the sales associate. Dkt. 67 (Kamal Dep. 96:5–97:9). Although Kamal did not measure the counter, it is reasonable to infer from her testimony that it is higher than the 36 inches permitted under the guidelines. So the court will deny summary judgment on this claim as well.

The remaining question is whether Kohl's is entitled to summary judgment on Kamal's claim under § 12182(b)(2)(A)(ii) that Kohl's is violating the ADA by failing to enforce its own policies about adequate spacing between display racks.[5] Section 12182(b)(2)(A)(ii) defines

---

[5] It is not clear whether Kamal is asking for summary judgment on this claim. She said nothing about the claim in her opening brief, but includes a discussion in her reply brief without expressly requesting summary judgment. Regardless, because Kamal did not develop an argument in her opening brief, she is not entitled to summary judgment. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018).

discrimination in part as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities."

Kohl's challenges this claim on multiple grounds. First, it says that Kamal isn't challenging any of the stores' policies. Rather, she acknowledges that the stores' policies related to the spacing of display racks are facially adequate. But § 12182(b)(2)(A)(ii) is not limited to unreasonable policies; it also applies to "practices." Kamal alleges that Kohl's has a "practice" of failing to enforce and implement its policies and failing to train and instruct its staff on those policies.

Second, Kohl's says that Kamal cannot bring a claim under both § 12182(b)(2)(A)(iv) (about architectural barriers) and § 12182(b)(2)(A)(ii) (about policies and practices). Dkt. 60, at 14-15. Kohl's cites *Mervyn's*, 81 Cal. Rptr. 3d at 157–58, to support this argument, but that case is not on point. In *Mervyn's*, the parties debated whether 42 U.S.C. § 12182(b)(2)(A)(ii) or § 12182(b)(2)(A)(iv) should apply to a claim about "a physical arrangement of merchandise display racks," and the court concluded that § 12182(b)(2)(A)(iv) should apply. 81 Cal. Rptr. 3d at 157. The plaintiff in *Mervyn's* was not raising a claim that store employees were failing to apply the company's own policies, so the case is not instructive. Kohl's may be trying to make the point that Kamal's claims under both statutes overlap substantially, which is true. Because Kamal acknowledges that Kohl's policies about spacing between display racks are facially adequate, she will have to prove that Kohl's is not enforcing its policies to prevail on her claim that Kohl's has failed to remove architectural barriers. But the fact that two claims overlap is not in itself a ground for dismissing one of the claims. If Kamal can prove all the

elements for both claims, the court sees nothing in the language of the statute that would prevent a plaintiff from asserting both claims.[6]

Third, Kohl's says that this claim fails because it has presented evidence in the form of declarations from its managers that it *does* follow its own policies regarding spacing between display racks. But Kamal has cited contrary evidence in the form of her own testimony that she repeatedly observed over the course of multiple visits to both stores that Kohl's was failing to comply with its policies. Because this issue is disputed, the court will deny summary judgment on this claim as well.

ORDER

IT IS ORDERED that:

1. Plaintiff Monica Kamal's motion for summary judgment, Dkt. 47, is DENIED.

2. The motion for summary judgment filed by defendants Kohl's Corporation and Kohl's Department Stores, Inc., Dkt. 61, is GRANTED on all claims against Kohl's Corporation and on Kamal's claims that: (1) the Madison store does not have an

---

[6] It is somewhat awkward to say that Kohl's violated the ADA by failing to make a "reasonable modification" of its practice of not following its own policies, but Kohl's doesn't develop an argument about the meaning of the phrase "reasonable modification." Kohl's also doesn't contend that Kamal failed to show that the modification was "necessary." So the court declines to consider either of these issues now. To prevail at trial on this claim, Kamal will have to prove both of those elements.

accessible customer service desk; (2) both stores do not have adequate parking. The motion is DENIED in all other respects.

3. Kohl's Corporation is DISMISSED from the case.

4. Defendants' motion to exclude evidence from Wlodek Pieczonka, Dkt. 62, is DENIED.

5. Kamal's motion to exclude the testimony of Todd Pralle and Staci Ellen Koller, Dkt. 78, is DENIED.

Entered March 5, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge